GREEN v. GARDINER.    See Case No. 5,757.

## Case No. 5,758a.

GREEN v. GARDNER et al.

[5 N. J. Law J. 174; 22 O. G. 683.]

Circuit Court, D. New Jersey. May 1, 1882.

PATENTS—DRIVEN WELLS.

A person who used a driven well for household or other purposes on his property *held* liable to an injunction and accounting; but one who boarded with his mother, and contributed to the expenses of the family, *held* not liable for the use of a well on the premises.

[This was a bill in equity by Benjamin T. Green against William E. Gardner and others for an injunction and an account.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Jos. C. Clayton, for complainant.

Wm. B. Maxson and James Buchanan, for defendants.

NIXON, District Judge. The above-named complainant had twenty suits pending in the court against alleged independent infringers of the driven well patent. While the testimony was being taken for the final hearing, the solicitors of the respective parties entered into and filed in the court the following stipulations in all the cases: "(1) this cause shall be heard and determined upon the proofs, oral, documentary and written, taken and to be taken in the similar cause of Green v. French [Case No. 5,757], now pending in this court. Said proofs shall be read and considered with the same effect as if proven in this cause. (2) This cause shall be argued and submitted at the same time as the said case of Green v. French. (3) The respondent may introduce proofs on the question of infringement, subject to rebuttal by complainant and reply of respondent." After argument and a decree in favor of the complainant, a final decree, to the form of which the counsel of the defendants made no objections, was entered in twelve of the cases. The remaining eight were not in the same position, inasmuch as testimony had been taken under the above stipulation, on the question of infringement, and the counsel of the defendants insisted that the complainant's prima facie case of infringement had been fully met and rebutted. The parties have agreed that I should take up these cases and examine them in the light of additional evidence, and pass a decree only in those cases where the court is satisfied that the testimony warrants it.

I find the proof to be in the several cases as follows: (1) That Chas. E. Austin is not the owner of any real estate; that his wife has the title for two dwelling houses in North Plainfield, one of which is now occupied by the defendant and his family. It has a driven well in the cellar, which has been used by him and his family since the occupancy of the house. The other dwelling house is unoccupied. It has also a driven well in the cellar. The defendant, before he moved into his present residence, lived there, and used the well for the general purposes of the family. (2) That Chas. E. Dunham lives in rented premises in North Plainfield, in which there is a driven well which is used by himself and family; that within a few years he has been the owner of two properties in Plainfield, on which there were driven wells; that about five years ago he sold one to Capt. Rybing, and about three and half years ago the other to Mrs. Phineas M. French. (3) That Alfred Berry, from 1872 to 1877, owned a place at the corner of Gregg and Somerset streets, on which there was a driven well, supposed to have been put down by A. Sebring, in 1868 or 1869; that on the premises now occupied by him in North

Plainfield, there is a driven well, which he moved from under the house to the outside, and is used by his family, principally for washing. (4) That John W. Schenck owned property to about two years ago in North Plainfield, on which there was a driven well; that he has owned none since, but lives on premises belonging to his wife, on which there is a driven well, used by his family for all domestic purposes. It was put down by A. Sebring in 1872. (5) That James T. Pierson lives at Westfield, N. J., and rents a storehouse at the corner of Broad and Elm streets; he uses a driven well to procure water for general purposes in connection with his store business. (6) That Wm. E. Gardner, in 1876, purchased a property in Plainfield, on which there was a driven well, that he never personally occupied the premises, and sold them some months before the date of this examination to one John D. Bartine, Ex'r, for the mortgage upon the land; that he rented out the property, whilst he held it, and when the injunction in the suit was served upon him, he removed the pump. (7) That Judson O. Brown lives on the premises in North Plainfield, on which there is a driven well in the kitchen of the house; that the property is owned by his wife; that before he moved there he rented a house on the opposite side of the street, and paid one-half of the expenses of putting down a driven well, his landlord paying the other half; the work done by John Rafferty, and the well was used by the defendant, whilst he remained on the property. (8) That Russell Johnson owned no property in New Jersey; that his mother for many years had been the owner of a house in North Plainfield, in which she lived, and in which there was a driven well; that during one or two summer seasons he boarded with his mother, furnishing, in connection with his brother, Andrew W. Johnson, the expenses of the table, in consideration for their board.

In view of the foregoing facts, I am of the opinion that there should be a decree for an injunction and accounting against all of the defendants, except the said Russell Johnson, and that in his case the bill should be dismissed with costs.

[Patent No. 73,425 was granted to N. W. Green, January 14, 1868; reissued May 9, 1871 (No. 4,372). For other cases involving this patent, see note to Andrews v. Denslow, Case No. 372.]